[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The defendant's motion #109 to reargue, dated February 12, 1998 is well taken. It is quite clear from a review of the transcript of the subject hearing that defendant did not abandon its claim that this cause of action is barred by the applicable statute of limitations. However, inasmuch as the result of the hearing would not change by the court's consideration of that additional ground, reargument is unnecessary. Reconsideration, however, is appropriate to rectify the courts conclusion as to its conclusion regarding the abandonment. Therefore, this court will consider defendant's motion as one requesting reconsideration.
The statute of limitation ground as claimed by the defendant suffers from the same infirmities as do the two other grounds on which proceeds, to wit: despite the grounds alleged, there remains a material issue of fact. The statute of limitations would not arise until the plaintiff's claim ripened. The plaintiff's claim would not ripen until a reasonable time after plaintiff's request for payment, the condition subsequent, had CT Page 3777 occurred. What that time would be depends upon the intent of the parties and the circumstances of the case. As this court reasoned in its original memorandum of decision, the granting of a summary judgment under these circumstances is inappropriate.
Accordingly the court adheres to its ruling in its memorandum of decision dated February 5, 1998 for the same reasons expressed therein.
MELVILLE, J.